"Welch, J.
We think the defendant is too late with his objection to our jurisdiction. His submission of the case upon the merits, and partial argument thereon, are acts in acknowledgment of this court’s jurisdiction, and amount to an appearance in the cause. In a case in error, where no plea or answer is required, there is no good reason why an argument of the case upon its merits should not be held a general appearance, equally as a plea or answer would be held to be such appearance in an action where a plea or answer is required. Without deciding, therefore, whether the two preliminary motions made by defendant—namely, for return of the papers, and for hearing the cause with •another case—were sufficient acts in acknowledgment of the court’s jurisdiction, amounting to an appearance, it is enough to say that his assent to the setting of the case for argument, and the partial argument thereof, were sufficient for that purpose.
But defendant’s appearance in this court was after the expiration of three years from the date of the judgment, and it is claimed, therefore, that the proceeding is barred by the statutory limitation. We think this claim is well answered by saying that the defendant is estopped, by his appearance here, from denying his appearance in the District Court. The latter court had jurisdiction of the subject-matter, and its reservation of the ease for decision here was made wTithin the three years. Unless the District Court had jurisdiction of the defendant’s person, it had no power to reserve the case, and this court has no jurisdiction over it. Any acknowledgment of our jurisdiction over the case is,therefore, in effect, and necessarily, an acknowledgment that the defendant had effected his appearance in the District Court at the time the reservation was made. He has *190 in effect admitted his appearance in that court, by appearing here and invoking the action of the court upon the. merits of the case, and we only follow the current of authorities in holding, as we do, that he is bound by that admission, and estopped from taking it back. Any other rule of practice would enable parties to trifle with the court, by first requiring it to hear the case upon its merits., and then, when an adverse decision on the merits is reached, turning round and denying its jurisdiction, thus rendering all its labors abortive and useless.
As to the case upon its merits, we only deem it necessary to say that one of the assignments of .error is, in our judgment, well taken. We think the court erred in admitting proof of what was said by Mrs. Mara as to the cause of •her fall or precipitation into the ditch of the cattle-guard. Although occurring immediately after the accident, it was no part of the res gesta, but a narration of a past transaction, and therefore mere hearsay evidence. For this error the judgment must be reversed, and the cause remanded for a new trial.

Judgment accordingly.

McIlvaine, C. J., White and Rex, JJ., concurred.
Gtlmore, J., dissented..